Filed 6/26/26  Esparza v. Sharp Healthcare CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EUNICE ESPARZA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SHARP HEALTHCARE et al.,<br><br>    Defendants and Respondents. | D086499<br><br><br><br>(Super. Ct. No. 37-2024-00029244-CU-MM-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Affirmed.

The Law Office of John Gagnon and John A. Gagnon for Plaintiff and Appellant.

Lotz, Doggett & Rawers, Jeffrey S. Doggett and Sara R. Sabzerou for Defendants and Respondents.

The trial court sustained without leave to amend Defendants Sharp Healthcare, Sharp Memorial Hospital, Douglas Darlin, and Brian Jacob Lichtenstein's demurrer to Eunice Esparza's professional negligence and medical malpractice complaint on the ground the claims were time-barred under Code of Civil Procedure section 340.5.

Esparza claims the trial court erred in sustaining the demurrer because the complaint adequately alleges facts establishing that (1) the relevant statute of limitations was tolled and (2) equitable estoppel precludes Defendants from asserting the statute of limitations. We conclude the complaint does not allege facts relevant to tolling or equitable estoppel and Esparza additionally forfeited her equitable estoppel claim by not adequately developing it on appeal. The court therefore did not err in sustaining the demurrer.

Esparza also argues the trial court abused its discretion in denying leave to amend because she could allege facts relevant to tolling and equitable estoppel. We discern no abuse of discretion because Esparza failed to meet her burden to identify facts she could plead to establish tolling or equitable estoppel.

Accordingly, we affirm.

## I.

On an appeal from a demurrer, we state the facts from the properly pleaded allegations in the operative pleading, its attachments, and any matters subject to judicial notice. (*Jimenez v. Mrs. Gooch's Natural Food Markets, Inc.* (2023) 95 Cal.App.5th 645, 653.) We also recite here and "consider evidence outside the pleadings [that] the trial court considered without objection." (*Pomona College v. Superior Court* (1996) 45 Cal.App.4th 1716, 1721.)

On April 29, 2022, Esparza underwent kidney stone surgery at Sharp Memorial Hospital. Darlin and Lichtenstein performed the surgery. Esparza had no mobility issues before the surgery, but since the surgery she has been "restricted to using a wheelchair and dependent on short periods of using a walker."

2

On March 23, 2023, Esparza served Defendants with a Code of Civil Procedure section 364 notice of intent to sue letter.

On June 21, 2024, Esparza sued Defendants, alleging claims for professional negligence and medical malpractice.

Defendants demurred to the complaint on the ground it was time-barred under section 340.5.

Following briefing, the court issued a tentative ruling sustaining the demurrer without leave to amend. The court subsequently confirmed the tentative ruling, which faulted Esparza for failing to "explain how [she] had enough knowledge of her claim when she served a Notice of Intent to Sue letter on March 23, 2023, but then did not file the Complaint for over a year later." The court noted Esparza "does not explain how any intentional concealment or conduct by Defendants barred her from filing her Complaint on time." "Under these circumstances and on this record," the court ruled the complaint time-barred and sustained the demurrer without leave to amend.

## II.

## A.

Esparza argues the trial court erred in sustaining the demurrer by "fail[ing] to properly consider the significant allegations of intentional concealment and the applicability of equitable estoppel." We conclude the court correctly sustained the demurrer.

We review de novo an appeal of an order of dismissal following the sustaining of a demurrer. (*The Travelers Indemnity Company of Connecticut v. Navigators Specialty Insurance Company* (2021) 70 Cal.App.5th 341, 353.) "We assume the truth of all properly pled factual allegations and matters that are judicially noticeable" and "liberally construe the complaint's allegations." (*Jimenez*, 95 Cal.App.5th at p. 653.) "We consider evidence

3

outside the pleadings which the trial court considered without objection"—here, that Esparza served Defendants with a notice of intent to sue letter on March 23, 2023. (*Pomona College*, 45 Cal.App.4th at p. 1721.)

"In an action for injury . . . against a health[]care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." (Code Civ. Proc., § 340.5.) This statute of limitations can be tolled due to "intentional concealment" by the healthcare provider. (*Ibid*.)

Equitable estoppel "addresses the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because [the party's] conduct has induced another into forbearing suit within the applicable limitations period." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 383 [cleaned up].)

As an initial matter, the one paragraph Esparza devotes to equitable estoppel in her opening brief cites no relevant legal authority. We accordingly deem this inadequately developed argument forfeited. (See *In re Masoner* (2009) 179 Cal.App.4th 1531, 1538-1539.)

More importantly, however, Esparza does not identify, nor have we located on our own review, any allegations in the complaint relevant to tolling or equitable estoppel. Instead, the complaint alleges Esparza was last able to walk immediately before her April 29, 2022 surgery. Since the surgery, she has required a wheelchair or walker. By these allegations, with reasonable diligence Esparza should have discovered the injury immediately, triggering section 340.5's one-year statute of limitations. At the latest, as the trial court found, Esparza was on notice of the injury and her potential claim

4

by the time she served Defendants with her notice of intent to sue on March 23, 2023. Yet Esparza filed the complaint 15 months later on June 21, 2024—after the statute of limitations had run. The complaint is devoid of any allegation that Defendants did or said anything that would toll the statute of limitations or give rise to equitable estoppel. The claims as presently pled are therefore facially time-barred. Thus, the court did not err in sustaining the demurrer.

B.

Esparza further contends the court abused its discretion in sustaining the demurrer without leave to amend "because [she] can readily cure any perceived deficiencies" by alleging further facts concerning Defendants' alleged misrepresentations. But Esparza has failed to carry her burden to identify those facts.

We review the sustaining of a demurrer without leave to amend for abuse of discretion. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "The appellant has the burden to identify specific facts showing the complaint can be amended to state a viable cause of action" (*Minnick v. Automotive Creations, Inc.* (2017) 13 Cal.App.5th 1000, 1004) and "demonstrate how those facts establish a cause of action" (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890).

We conclude the court did not abuse its discretion in denying leave to amend. While Esparza identifies broad categories of facts she could "more precisely detail" in an amended complaint, like "[t]he timeline of events and the specific instances of defendants' misrepresentations that continued to obscure the true cause of her paralysis," she fails to identify any such facts. She accordingly has failed to carry her burden to show amendment could cure the pleading defects identified by the trial court. (See, e.g., *Stein v. Axis Ins.*

5

*Co.* (2017) 10 Cal.App.5th 673, 685 [arguments that plaintiffs could "allege more clearly" that policy belied defendants' positions or "'more specifically allege' conspiracy" insufficient to warrant reversal of sustaining of demurrer without leave to amend].)

Even if Esparza could allege specific facts to establish concealment after the surgery on April 29, 2022 to allow delayed discovery, that would not change that she waited 15 months from the date of her notice of intent to sue to file suit. (§ 340.5.) By the time Esparza served her notice of intent to sue letter, she "ha[d] reason to at least suspect that a type of wrongdoing ha[d] injured" her. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807.) Thus, as a matter of law, Esparza cannot plead sufficient facts to establish tolling.

The court therefore did not abuse its discretion by denying leave to amend.

### III.

We affirm. Defendants shall recover their costs on appeal.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

BUCHANAN, J.

6